Case 1:05-cv-22285-ASG Document 12 Entered on FLSD Docket 01/06/2006 Page 1 of 5

FILED by ____ D.C.
ELECTRONIC

Jan 5 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-22285-CIV-GOLD

GUSTAVO A. MORALES,

    Plaintiff,

v.

CITIGROUP, INC. f/k/a THE NATIONAL
CITY BANK OF NEW YORK,

    Defendant.

_____/

### DEFENDANT CITIGROUP'S MOTION TO STAY ACTION PENDING DETERMINATION OF ITS MOTION TO TRANSFER AND INCORPORTATED MEMORANDUM OF LAW

Defendant Citigroup, Inc. ("Citi"[1]) moves to stay this action pending resolution of Citigroup's concurrently filed Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of New York. Simply stated, this case should not be litigated in this the Southern District of Florida at all. However, the parties should not be required to litigate this action while the Motion to Transfer is pending. Sound considerations of justice and judicial economy thus warrant staying this matter pending this Court's ruing on the Motion to Transfer.

## FACTS

Plaintiff, Gustavo A. Morales ("Morales") has sued Citi claiming that he is the rightful owner of certain shares of stock and that he is entitled to disputed amounts of interest and

---

[1] Citigroup, Inc. is a holding company and the parent and affiliate of various entities. For the sake of simplicity, these collective entities will be referred to simply as "Citi."

dividends on that stock. The alleged stock purchases took place in Cuba in the early 1930s. See A.Compl. at ¶ 7 - 9, 11, 13.

In the early 1960s, the United States government issued regulations that imposed economic sanctions against Cuba by "blocking" or freezing any Cuban assets subject to the jurisdiction of the United States.[2] Plaintiff claims to be an "unblocked" Cuban national, and is thus allegedly now permitted to engage in financial transactions with Citi that otherwise would be prohibited. A.Compl., ¶ 12

The files, records and witnesses relating to this matter are located in New York, and the alleged operative events and underlying transactions upon which Plaintiff bases his claims all occurred in New York. This case has no connection to Florida, and Citi thus has filed a Motion to Transfer Venue to the Southern District of New York ("Motion to Transfer"). Citi incorporates herein by reference all facts set forth in the Motion to Transfer.

For some time beginning prior to 2002, Plaintiff allegedly began contacting Citi directly in an attempt to recover the disputed funds. A.Compl. ¶ 11. He submitted limited documentation to Citi in support of his claims, which were investigated by Citi, and eventually filed this lawsuit in 2005 after disagreements arose between the parties.

### ARGUMENT

**This Case Should Be Stayed Pending the Court's Ruling on Citigroup's Motion to Transfer**

Federal courts have the inherent power to stay a case under appropriate circumstances. See, e.g., Nelson v. Grooms, 307 F.2d 76, 78 (5th Cir. 1962) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its

---

[2] Cuban Assets Control Regulations, 31 C.F.R. § 515.201 et. seq.,.

2

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

docket with economy of time and effort for itself, for counsel, and for litigants") (quoting Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936)); Lisa, S.A. v. Mayorga, 232 F. Supp.2d 1325, 1326 (S.D. Fla. 2002) (same). A stay is appropriate where, as here, there is a motion to transfer venue pending and the parties are engaged in settlement negotiations.

### A. The Issue of Transfer is a Threshold Issue

A motion to transfer venue takes precedence over litigation on the merits and should be taken up by the Court as a threshold matter. Goodman v. Fleischmann, 364 F. Supp. 1172, 1176 (E.D. Penn. 1973), citing McDonnell Douglas Corp. v. Polin, 429 F.2d 30 (3rd Cir. 1970). This is because a decision to transfer venue effectively "resolves" the case to the extent that it is pending before the transferee court, and sound considerations of judicial economy thus dictate that the transferee court not burden itself with the merits of the action until it decides whether the transfer should be granted. Cumberland Truck Equipment Co. v. Detroit Diesel Corp., 2005 WL 3054548, * 3 (E.D. Penn., Nov. 14, 2005); Polin, 429 F.2d at 30. Indeed, requiring the parties to proceed with discovery and undertaking a consideration of the merits erroneously presupposes that the transfer will not be granted. Polin, 429 F.2d at 30.

### B. A Stay Will Further the Interests of the Parties

Plaintiff will not be prejudiced if this action is stayed pending the Court's determination of the Motion to Transfer. The facts alleged span more than seven (7) decades, and there can thus be no realistic concern that a brief stay will impact the Plaintiff's case. Moreover, as reflected in the Amended Complaint, Plaintiff has allegedly been attempting to recover on his claims of entitlement "for years" beginning sometime *prior* to 2002, but has only just recently

3

filed this lawsuit. A.Compl., ¶¶ 11-15. In addition, the case has not advanced since it was filed due, in part, to the parties' attempts to resolve the matter amicably.

Citigroup, on the other hand, will suffer undue hardship and expense should this matter proceed on the merits in this District. As set forth in the Motion to Transfer, the relevant witnesses, documents and evidence are located in New York, and litigating in the Southern District of Florida will be at significant expense to Citi and will disrupt Citi's Depositary Receipts operations in New York.

## CONCLUSION

Based on the foregoing, Citigroup respectfully requests that the Court stay this action pending resolution of Citigroup's Motion to Transfer Venue.[3]

## CERTIFICATE OF COUNSEL

Counsel for Citigroup certifies that, prior to serving and filing this Motion, counsel attempted to confer with counsel for Plaintiff in an effort to agree on or narrow the issues raised herein, but was unable to do so. Counsel for Citigroup will promptly notify the Court as soon as it is able to confer with counsel for the Plaintiff with regard to whether Plaintiff opposes the relief requested herein.

---

[3] Should the Court decline to grant Citigroup's request for a stay, Citigroup respectfully requests an additional ten (10) days from the date of the Court's ruling on its Motion to Stay to file its responsive papers.

4

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

CASE NO. 05-22285-CIV-GOLD

Respectfully submitted,
/s/ Elena M. Marlow
**ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.**
José I. Astigarraga, Edward M. Mullins & Elena M. Marlow
Fla. Bar No. 263508, 863920 & 139858
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Tel:(305) 372-8282
Fax:(305) 372-8202
E-mail: emarlow@astidavis.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to **Omar Ortega, Esq.**, Dorta & Ortega, P.A., 2222 Ponce de Leon Blvd., Suite 306, Coral Gables, FL 33134 this 5th day of January 2006.

/s/ Elena M. Marlow
Elena M. Marlow

F:\WDOX\CLIENTS\10016\5002\00051999.DOC