UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 05-22285-CIV-GOLD

JUSTA C. MORALES, as personal
representative of the estate of
GUSTAVO A. MORALES

    Plaintiff,

v.

CITIGROUP, INC. f/k/a THE NATIONAL CITY
BANK OF NEW YORK,[1]

    Defendant.
_____/

### DEFENDANT CITIGROUP'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER VENUE

Pursuant to this Court's Order Staying and Administratively Closing Case (D.E. 20) ("Stay Order"), dated March 14, 2006 and Order Re-Opening and Substituting Party (D.E. 23) ("Order Re-Opening Case"), Defendant, Citigroup, Inc. ("Citi") hereby files its Supplemental Memorandum in Support of its Motion to Transfer Venue.

### OVERVIEW

This action was originally filed by Gustavo A. Morales. Mr. Morales then passed away. At the time of Mr. Morales' death, the Court had before it a Motion to Transfer Venue filed by Citi, seeking transfer to the Southern District of New York. That motion remains pending.

The personal representative of Mr. Morales' estate has recently been substituted as the plaintiff in this action. Mr. Morales' death and the substitution of the personal representative as

---

[1] Citigroup, Inc., notes that it was not "formerly known as The National City Bank of New York," but that it is not unilaterally changing the style of the case as filed by the Plaintiff.

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

plaintiff constitute substantive changes in circumstances that implicate the transfer analysis. In addition, new information has come to light that further mitigates in favor of transferring this action to the Southern District of New York. Citi thus files this Supplemental Memorandum addressing these new issues, further demonstrating why this case bears little or no relationship to the Southern District of Florida and should, therefore, be transferred to the Southern District of New York.

**BACKGROUND / PROCEDURAL HISTORY**

Mr. Morales originally filed this action on August 17, 2005. The thrust of Mr. Morales' claim was that he was the rightful owner of certain shares of Citi stock that were purchased in Cuba in the 1930s, and that he was entitled to a disputed amount of interest and dividends on that stock. Because almost all of the relevant witnesses and sources of proof in connection with Mr. Morales claims were located in New York, on January 5, 2006, Citi filed a Motion to Transfer Venue ("Motion to Transfer"), seeking transfer pursuant to 28 U.S.C. § 1404(a). Then Mr. Morales passed away. The Court thus held Citi's Motion to Transfer in abeyance and administratively closed the case, pending determination of the proper plaintiff(s). Stay Order, dated March 14, 2006 (D.E. 20).[2] The Court's Stay Order further provided that, should the matter be re-opened, either party could file supplemental material relating to Citi's Motion to Transfer.

On April 11, 2007, on Plaintiff's motion, this Court re-opened the case and substituted Justa C. Morales, as personal representative of Mr. Morales' estate, as plaintiff. Order Re-Opening Case (D.E. 23). Citi thus files this Supplemental Memorandum pursuant to both the Court's Stay Order and Order Re-Opening Case.

---

[2] The Court's Stay Order and Order Re-Opening Case make clear that Citi's Motion to Transfer is still pending, and that the Court will pass on the substantive arguments contained in the parties' previous filings made in connection with that Motion. In an abundance of caution, however, Citi hereby incorporates by reference all evidence previously submitted and all legal arguments previously made in connection with its Motion to Transfer.

2
ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

**ARGUMENT**

I. **Transfer of This Action to the Southern District of New York Was Already Warranted Prior to Plaintiff's Death**

Citi submits that transfer of this action to the Southern District of New York was already warranted prior to Mr. Morales' death. The parties' positions with regard to that contention are fully set forth in their previous filings. Citi thus only summarizes here the pertinent issues necessary to provide context for this Supplemental Memorandum, which in turn explains why changed circumstances associated with and new information obtained as a result of Mr. Morales' death further mitigate in favor of transfer to the Southern District of New York.

28 U.S.C. § 1404(a) permits a transfer to another district where the action might originally have been brought "[f]or the convenience of parties and witnesses, in the interest of justice . . ." 28 U.S.C. 1404(a).[3] The statute constitutes a *revision to* (not a codification of) the common law doctrine of *forum non conveniens*. Specifically, it permits transfer to another federal district upon a lesser showing of inconvenience, and broadens the court's discretion in conducting the transfer analysis. This is because it also eliminates the common-law result of dismissal by creating the alternative transfer remedy. See Piper Aircraft v. Reyno, 454 U.S. 252, 253 (1981) (citations omitted); Norwood v. Kirkpatrick, 349 U.S. 29, 35 (1955); Mobile Corp. v. S.E.C., 550 F. Supp. 67, 70 (S.D.N.Y. 1982). Consequently, plaintiff's choice of forum does not enjoy near-controlling weight under §1404(a) as it did under the common-law doctrine of *forum*

---

[3] There is no dispute that this action might have originally been brought in the Southern District of New York. The only issue before this Court is whether the transfer is warranted for the convenience of the parties and witnesses, and in the interest of justice.

3
ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

*non conveniens*. First Nat'l Bank of Minneapolis v. White, 420 F. Supp. 1331, 1337 (D.C. Minn. 1976).[4]

The factors to be considered in passing on a motion to transfer under § 1404(a) include, of course, the initial choice of forum, the district where the operative events underlying the complaint took place, the convenience of the parties and witnesses, the availability of compulsory process and the cost of obtaining the presence of witnesses, the ease of access to sources of proof and the location of documents, and the public interest. See, e.g., Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1300 (S.D. Fla. 2002); Moghaddam v. Dunkin Donuts, Inc., 2002 WL 1940724, *2 (S.D. Fla. 2002); Jewelmasters, Inc. v. May Dep't Stores Co., 840 F. Supp. 893, 895 (S.D. Fla 1993. And as detailed in Citi's previous filings to date, transfer of this case is warranted because:

a) Deference to plaintiff's already-lessened choice of forum is further diminished in situations where, as here, the operative facts underlying the cause of action did not occur in the transferor forum;

b) Plaintiff's counsel will have to travel outside of Florida to depose the relevant witnesses regardless of where this action is litigated;

c) Plaintiff possesses only limited documentary evidence in support of his claims that can easily be transported to the Southern District of New York (less than ten (10) pages of alleged Cuban documents and perhaps some limited correspondence exchanged with Citi over the years);

---

[4] Plaintiff relies on Eye Care International v. Underhill, 119 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000) for the proposition that the transfer analysis is somehow "restrictive," and that plaintiff's choice of forum should be afforded some sort of heightened deference. Plaintiff's reliance on Eye Care is, however, misplaced; the Court in Eye Care incorrectly applied the *forum non conveniens* standard in the context of a motion to transfer venue under §1404(a).

4
ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

d) Transfer to New York is warranted because there are critical third-party witnesses that are within the subpoena power of the Southern District of New York, but beyond the subpoena power of this Court;

e) Litigating in South Florida would be prejudicial to Citi and cause it to incur significant unnecessary expense because voluminous relevant documents dating back to the 1930s are all located in the New York area;

f) Litigating in South Florida would be unduly burdensome to Citi because most of the relevant Citi employee-witnesses are in the New York area and a trial in a foreign district will disrupt work schedules;

g) New York has a heightened interest in this dispute because this case involves claims regarding the requirements for transfer of securities and the securities in question are registered and traded on the New York Stock Exchange; and,

h) New York has a heightened interest in this dispute because the operative facts pled in support of Plaintiff's allegations of wrongful conduct allegedly occurred there.[5]

Plaintiff never made any showing, nor did Plaintiff ever advance any persuasive arguments, that would warrant keeping this action in the Southern District of Florida. As the record reflects, Plaintiff's response to the Motion to Transfer identifies in summary fashion a variety of irrelevant witnesses, makes unsupported factual statements that directly contradict factual statements in their Amended Complaint and their own case theory, and contains conclusory and impertinent assertions. In this regard:

---

[5] Plaintiff seeks punitive damages in this action based on groundless allegations that Citi has intentionally stonewalled Mr. Morales' attempts to recover the shares and determine their value because Citi allegedly, among other things, considers that its Cuban shareholders should be "happy to get whatever [Citi] wishes to give [them]" and that Citi is "banking on the fact that most of its Cuban shareholders are currently living in poverty [and] are without access to information." A.Compl. ¶27.

a) Plaintiff asserts that there are a "number of witnesses in the Plaintiff's family located in both Miami-Dade County, Florida and Cuba"[6] and "employees" of the United States Department of the Treasury,"[7] but never names them, see, Saraf v. Chatham Carpet Mills, Inc., 275 F. Supp. 951, 952 (S.D.N.Y. 1967) (finding that Plaintiff's supplemental affidavit opposing motion to transfer venue defective for, *inter alia*, failure to name Plaintiff's proposed witnesses);

b) Plaintiff identifies a translator and "notary on issues raised in the complaint," when all the translator did was translate the alleged "Special Power of Attorney" upon which plaintiff relies for his claim of entitlement and all the notary did was notarize the translator's signature;[8]

c) Plaintiff argues that that this case will not require substantial documentary evidence because all information regarding stock splits and the proper interest and dividend calculations can be easily determined by consulting public sources and reviewing an isolated account, yet Plaintiff's Amended Complaint seeks an equitable accounting because a "determination of [sic] adequate number and valuation of these shares over the protracted life of the shares requires review of financial data from complicated accounts and involve complex transactions." See, Plaintiff's Memorandum in Support of Response to Citigroup's Motion to Transfer Venue ("Plaintiff's Response"), p. 9; Amended Complaint, ¶47;

d) Plaintiff makes a variety of impertinent statements regarding the geographic jurisdiction of federal Second and Third Circuit Courts of Appeals, and asserts that

---

[6] Affidavit of Omar Ortega in Support of Plaintiff, Gustavo A. Morales' Memorandum in Support of Response to Citigroup's Motion to Transfer Venue ("O. Ortega Affidavit"). ¶5.
[7] Id. at ¶4, d.
[8] See, Special Power of Attorney, attached hereto as Exhibit "A"

6
ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

this district's geographical proximity to Cuba provides it with superior experience in an ambiguous "execution process." Plaintiff's Response, pp. 4, 8.

The above are only a few representative examples of Plaintiff's utter failure to respond to the pertinent inquiry; that is, where are the majority of the *relevant* witnesses and sources of proof located in light of Plaintiff's own theory of the case and the factual issues that are likely to be in disputed based on that theory.

As detailed in Citi's previous filings, the relevance and the relative importance of the witnesses and documentary sources of proof can be determined only from examination of Plaintiff's own claims. Without rehashing all of Plaintiff's Complaint, the Court will find on its own examination that the crux of the allegations against Citi go directly (albeit incorrectly) to the state of mind of Citi employees and their supposed nefarious designs against the Cuban people, which Citi categorically denies.[9] The underlying issues surrounding the lawsuit are thus not about letters that Plaintiff wrote or phone calls that Plaintiff made from Florida; they are about Citi's *response* to those demands in the form of its investigations made by its employees and third-party witnesses located in the New York area.

## II. Mr. Morales' Death and the Substitution of the Personal Representative as Plaintiff Further Mitigates in Favor of Transfer to the Southern District of New York.

While Citi submits that Plaintiff has always overstated the relevance of Mr. Morales's testimony in light of the legal issues implicated by his claims, the unfortunate fact is that Mr. Morales is now deceased. And according to Plaintiff, the now-deceased Gustavo A. Morales "is probably the most relevant witness in this matter." Plaintiff's Response, p. 2. So by Plaintiff's

---

[9] As detailed in Citi's previous filings, Plaintiff's claim puts at issue Mr. Morales' alleged entitlement to the shares at issue, the value of those shares and interest and dividends allegedly due, Citi's internal investigation into those claims and Citi's interpretation and compliance with the Cuban Assets Control Regulations, and whether Citi has conducted itself in bad faith with respect to same.

own admission, then, Mr. Morales' death mitigates in favor of transfer to the Southern District of New York.

The fact that the personal representative of Mr. Morales' estate, Justa C. Morales, has been substituted in Mr. Morales' stead does not change the analysis. Ms. Morales is just what she sounds like - a representative plaintiff with, at best, limited or minimal relevant knowledge of the facts of this case. Good evidence of that is that Mr. Morales did not even list her as a potential witness in his prior filings made in connection with this motion. As such, the substitution of Ms. Morales as the personal representative of Mr. Morales' estate further mitigates in favor of transfer. See e.g. Roy v. Alliance Capital Management, L.P., 2002 WL 32657085 *3 (M.D. Fla. 2002) (presence of representative plaintiff in stockholder's derivative action who was not even named as a witness was "highly unlikely [to] 'help to make whatever case can be made [on] behalf of the corporation.'") (citations omitted); Gold v. Scurlock, 290 F. Supp. 926, 928-29 (S.D.N.Y. 1968) ("Where, as here, the plaintiff sues on behalf of the corporation, her choice of forum is a less significant factor in resolving the issue of convenience for the reason that the plaintiff is personally not actually a party to the matters being litigated"); Newfield v. Nicholson File Co., 210 F. Supp. 796, 797-98 (E.D. Pa. 1962) (plaintiff's choice of forum due less deference as plaintiff is suing in representative capacity as trustee of bankrupt estate).

### III. New Evidence Regarding the Location of Relevant Witnesses and Sources of Proof Further Mitigates in Favor of Transfer to the Southern District of New York.

After Plaintiff's death and as a result of recent activity in this matter in connection with the substitution of the personal representative of Plaintiff's estate, Citi conducted further investigations to determine how these changes would impact the transfer analysis. Although

investigations are on-going and additional witnesses and proofs may obviously be identified, to date a variety of new information has come to light that further mitigates in favor of transfer to New York.

First, Plaintiff has children living outside of Florida, at least one of whom appears to have highly pertinent information regarding this case. Specifically, it appears that Plaintiff's daughter's Alina Tachara, a resident of the Boston-suburb of Taunton, Massachusetts, has direct knowledge of Plaintiff's efforts to claim the disputed shares and interest, as well as information regarding Citi's responses to those efforts.[10] Plaintiff, however, never identified Ms. Tachara as a witness with pertinent information about this case. Nor did Plaintiff identify his son, Gustav Morales, a resident of Minneapolis, Minnesota, as a potential witness. The only one of his children that Mr. Morales previously identified as having pertinent knowledge was his daughter, Marilyn. This is likely because it suits Plaintiff that Marilyn lives in Florida, while the fact that Plaintiff's other children live elsewhere mitigates in favor of transfer.

For example, while Plaintiff only generally asserts that Marilyn is a family member who "will provide testimony establishing [her father's] entitlement,"[11] the record reflects that Ms. Tachara (the non-listed daughter) is the one who actually retained counsel for Plaintiff in connection with this matter and had a role that would provide her with personal knowledge of relevant facts regarding the demands and responses.[12] Litigating this case in the Southern District of New York would obviously be a more convenient for Ms.Tachara, since Boston is significantly closer to New York that it is to Miami.

---

[10] See, Petition for Administration, attached hereto as Exhibit "B"; letters from John Loughnane to Gustavo Morales, dated February 20, 2004 & March 3, 2004, attached hereto as Composite Exhibit "C".
[11] O. Ortega Affidavit, ¶¶ 5, 6.
[12] Any attempt by Plaintiff to assert that Ms. Tachara's testimony will be protected under some theory of joint representation should be rejected out of hand, since Plaintiff waived any privilege he may have had in connection with prior counsel's representation of him when he delivered various otherwise arguably protected communications to Citi. At best, the objection is premature and does not disqualify her as a witness.

9
ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

And Plaintiff should not be heard to say that Ms Tachara or any other family members that are outside the subpoena power of the both this district and the Southern District of New York should not be considered in the transfer analysis. While it is true that sometimes witnesses located outside the transferor or transferee forum should be considered "neutral" in that they cannot be issued a subpoena by either court, the analysis is quite different when the witness at issue is a family member of the Plaintiff. In that circumstance, the Court should presume that the family member will travel voluntarily to the alternative forum. See Ramsey v. Fox News Network, LLC 323 F. Supp. 2d 1352, 1357 (N.D. Ga. 2004) (transferring venue in defamation suit filed by parents of JonBenet Ramsey against Fox News from Georgia, where family members were located, to Colorado, where key Fox News witnesses were located, and stating that "it stands to reason that [the Ramsey's family members] would be more willing to travel to a different forum").

In addition, Citi's investigation into the changed circumstances associated with Plaintiff's death has also revealed new facts which further mitigate in favor of transfer of this action to the Southern District of New York. Specifically, Citi has recently learned that one of its principal witnesses will be retiring, and also that Plaintiff has apparently made inadvertent inaccurate statements regarding the location of several of her own witnesses.

First, Clifford Kendelhardt, Citi Vice President in the Depositary Receipts and Agency Trust Operations Department, is retiring as of April 30, 2007.[13] Mr. Kendelhardt is one of Citi's most important witnesses. As detailed in Citi's previous filings, he has been involved in the relevant aspect of Citi's business for over 35 years, including 24 years in operations. In this capacity, Mr. Kendelhardt has had direct contact with, *inter alia*, all of Mr. Morales' various

---

[13] Declaration of P.Pellegrine, dated April 25, 2007, attached hereto as Exhibit "D" ("P.Pellegrine Dec."), ¶ 14.

lawyers over the years, and has also had an on-going and direct role in investigating and responding to Plaintiff's various demands over a the protracted life of this case. He is thus the witness with perhaps the most direct knowledge of the *relevant* issues; that is, Mr. Morales' demands and Citi's investigation and responses thereto.

Upon his retirement, however, Mr. Kendelhardt will become a third-party witness. His schedule and availability will thus no longer be subject to Citi's control. Mr. Kendelhardt will, however, be remaining in the New York area.[14] Having this matter litigated in New York will thus not only be much more convenient for Mr. Kendelhardt but, should it become necessary to issue a subpoena to Mr. Kendelhardt at some point, the United States District Court for the Southern District of New York, and not this court, will be the one in a position to do so. The fact of Mr. Kenedlhardt's retirement thus mitigates heavily in favor of transfer.

Next, Plaintiff has made various inaccurate factual statements regarding the roles and locations of several of her own witnesses. Specifically, Plaintiff has identified Jodi Lee as a Citi employee located in Providence, Rhode Island,[15] when in fact Ms. Lee is a former Computershare employee with no direct knowledge of the facts of this case whose whereabouts are unknown.[16] Plaintiff has also identified Joseph Zingalli and Kamran Inayat as Citi employees located in Paramus, New Jersey.[17] However, Messers. Zingalli and Inayat are currently located in Harrison, New York (30 miles outside of New York City) and Washington, D.C., respectively.[18] Moreover, Messers. Zingalli and Inayat have no personal knowledge of the facts of this case, as they merely performed the ministerial function of issuing letters on Citi's

---

14   Id.
15   Plaintiff's Response, p. 3.
16   P.Pellegrine Dec., ¶ 15.
17   Plaintiff's Response, p. 3.
18   P.Pellegrine Dec., ¶¶ 16 – 17.

behalf containing information communicated to them by either Messers. Reed or Kendelhardt (two of Citi's principal witnesses who do have direct knowledge of the facts of this case).[19]

Convenience of the witnesses is an important transfer element. <u>Moghaddam v. Dunkin Donuts, Inc.</u>, 2002 WL 190724 *3 (S.D. Fla. 2002). Citi thus respectfully submits that a comprehensive review of all the witnesses and their locations and roles, as well as the relative importance of their testimony, is critical in conducting the transfer analysis in this case. And that review reveals that, in this case, the convenience of the witnesses overwhelming weighs in favor of transferring this case to New York.

## WITNESS CHART

| NAME<br>ROLE/LOCATION | PROFFERED BY/<br>RELEVANCE | IMPORTANCE | TRANSFER<br>BALANCE |
|---|---|---|---|
| Peter Pellgrine<br><br>Citi Sr. Vice President<br><br>Depository Receipts &<br>Agency Trust<br>Operations<br><br>New York | Citi<br><br>Personal knowledge of Citi's good faith interest and dividend calculations on segregated accounts, including account at issue. | Critical. | Supports transfer.<br><br>Key witness in New York regarding disputed interest and dividend calculations. |
| Douglas Reed<br><br>Citi Vice President<br><br>Depository Receipts &<br>Agency Trust<br>Operations<br><br>New York | Citi<br><br>Personal knowledge of Citi's good faith investigation to determine existence of father's alleged shares, and results of same. | Critical. | Supports transfer.<br><br>Key witness in New York regarding good faith investigation and existence of disputed shares. |
| Clifford Kendelhardt<br><br>Citi Vice President<br><br>Depository Receipts & | Citi<br><br>Personal knowledge of all aspects of Citi's maintenance of blocked | Critical. | Supports transfer.<br><br>Key third-party witness in New York with most historical knowledge of |

---

[19] <u>Id.</u>

| NAME ROLE/LOCATION | PROFFERED BY/ RELEVANCE | IMPORTANCE | TRANSFER BALANCE |
|---|---|---|---|
| Agency Trust Operations<br><br>New York | accounts, historical records relating to same, direct communications with Plaintiff and/or Plaintiff's various lawyers and others acting on Plaintiff's behalf over a protracted period of time. | | blocked accounts and Plaintiff's claims; within 100-mile subpoena power of Southern District of New York, but beyond subpoena power of this court.. |
| Charles Sgro<br><br>Citi General Counsel[20]<br><br>Anti-Money Laundering and Investigative Services<br><br>New York | Citi<br><br>Citi's good faith interpretation of the Cuban Asset Control Regulations. | High. | Supports transfer.<br><br>Witness in New York with knowledge of and responsibility for Citi's legal interpretation of applicable regulations. |
| Robin Powell<br><br>Citi U.S. Sanctions / Anti-Boycott Compliance Officer<br><br>New York | Citi's compliance with relevant Cuban Asset Control Regulations | High | Supports transfer.<br><br>Key witness in New York regarding Citi's application of applicable regulations in fact. |
| Etihan Menendez<br>Citi Financial Executive<br>Miami, Florida | Plaintiff<br><br>". . . communicated directly with [Plaintiff and his counsel, Mr. Felipe], regarding the claims asserted in the complaint."<br><br>O.Ortega Aff., ¶ 4(b) | Low. | Supports transfer.<br><br>Minor witness who acted only as an intermediary communicating plaintiff's inquiries to other Citi employees in New York and other jurisdictions; within Citi's control and can be delivered to New York, if necessary. |

---

[20] Mr. Sgro replaces Serena Moe, former Assistant General Counsel. Declaration of S.Dietz, dated April 25, 2007, ¶ 2, fn. 3, attached hereto as Exhibit "E".

| NAME ROLE/LOCATION | PROFFERED BY/ RELEVANCE | IMPORTANCE | TRANSFER BALANCE |
|---|---|---|---|
| Joseph Zingalli<br><br>Citi Investor Services during relevant period<br><br>Harrison, New York[21] | Plaintiff<br><br>". . . communicated directly with [Plaintiff and his counsel, Mr. Whipple], regarding the claims asserted in the complaint."<br><br>Ortega Affidavit ¶4(d) | Low. | Supports transfer.<br><br>Citi employee located in New York that Plaintiff anticipates calling in support of her claims;[22] witness was a low-level employee during relevant period, and witness has no direct knowledge of relevant facts; witness' role was limited ministerial function of issuing routine communications containing information communicated to him by others. |
| Kamran Inayat<br><br>Citi Department Manager during relevant period<br><br>Washington, D.C.[23] | Plaintiff<br><br>". . . communicated directly with [Plaintiff and his counsel, Mr. Whipple], regarding the claims asserted in the complaint."<br><br>Ortega Affidavit ¶4(d) | Low. | Supports transfer.<br><br>Citi employee that Plaintiff anticipates calling in support of her claims;[24] witness has no direct knowledge of relevant facts; witness merely oversaw issuance of limited, routine communications by low-level employees in connection with this matter. |

---

[21] Plaintiff previously indicated that Mr. Zingalli was located in Paramus, New Jersey. Plaintiff's Response, p. 3. Citi has investigated this claim and determined that Mr. Zingalli is currently employed by Citi in Harrision, New York. P.Pellegrine Dec., ¶ 16.

[22] Plaintiff's Response, p. 3.

[23] Plaintiff previously indicated that Mr. Inayat was located in Paramus, New Jersey. Plaintiff's Response, p. 3. Citi has investigated this claim and has determined that Mr. Inayat is currently employed by Citi in Washington, D.C. P.Pellegrine Dec., ¶ 17.

[24] Plaintiff's Response, p. 3.

14
ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

| NAME ROLE/LOCATION | PROFFERED BY/ RELEVANCE | IMPORTANCE | TRANSFER BALANCE |
|---|---|---|---|
| Jodi Lee<br><br>Former Computershare employee[25]<br><br>Location Unknown[26] | Plaintiff<br><br>". . . communicated directly with [Plaintiff and his counsel, Mr. Felipe], regarding the claims asserted in the complaint."<br><br>O.Ortega Aff., ¶ 4(c). | None. | Supports transfer.<br><br>Third-party witness that Plaintiff anticipates calling in support of her claims;[27] witness' whereabouts are unknown, witness was a low-level employee during relevant period, and witness has no direct knowledge of relevant facts; witness' role was limited ministerial function of issuing routine communications containing information communicated to her by others. |
| John Gaffney<br><br>Computershare, Senior Account Manager<br><br>Jersey City, New Jersey | Citi<br><br>Assessed sufficiency of Plaintiff's documentation under Control Regulations for blocked accounts | Critical. | Supports transfer.<br><br>Key third-party witness, within 100-mile subpoena power of Southern District of New York, but beyond subpoena power of this court. |
| Marcel Felipe<br>One of Plaintiff's former counsel<br><br>Miami, Florida | Plaintiff<br><br>Represented Mr. Morales in connection with his efforts to recover the disputed shares and interest; had communications with various Citi employees and third parities.<br>O.Ortega Aff., ¶ 4(a) | Unclear. | Neutral.<br><br>Arguably supports maintaining this action in the Southern District of Florida, but is only one of various former counsel located throughout the country and plaintiff fails to specify how his testimony differs. |

---

[25] Plaintiff has identified Ms. Lee as a Citi employee. Plaintiff's Response, p. 3. However, Ms. Lee is not now and has never been employed by Citi. P.Pellegrine Dec., ¶ 15.

[26] Plaintiff previously indicated that Ms. Lee was located in Providence, Rhode Island. Plaintiff's Response, p. 3. Ms. Lee's current whereabouts are unknown. P.Pellegrine Dec., ¶ 15.

[27] Plaintiff's Response, p. 3.

| NAME ROLE/LOCATION | PROFFERED BY/ RELEVANCE | IMPORTANCE | TRANSFER BALANCE |
|---|---|---|---|
| John Loughnane<br>One of Plaintiff's former counsel<br><br>Boston, Massachusetts | Plaintiff<br><br>". . . valuable information concerning Mr. Morales claims . . ."<br><br>M.Felipe Aff., ¶13-14 | Unclear.<br><br>Plaintiff fails to provide sufficient specificity that would permit assessment of importance of this potential witness' testimony. | Supports transfer.<br><br>Third-party witness that Plaintiff anticipates calling in support of her claims;[28] located in Boston, Massachusetts; voluntary travel to New York thus more likely/convenient than voluntary travel to Miami. |
| Keith Whipple<br>Former plaintiff's attorney<br><br>Houma, Louisiana | Plaintiff<br><br>". . . valuable information concerning Mr. Morales claims . . ."<br><br>M.Felipe Aff., ¶¶13-14 | Unclear.<br><br>Plaintiff fails to provide sufficient specificity that would permit assessment of importance of this potential witness' testimony. | Neutral.<br><br>Third-party witness that Plaintiff anticipates calling in support of her claims;[29] located in Houma, Louisiana; voluntary travel to New York thus equally likely/convenient than voluntary travel to Miami. |
| Marilyn Morales<br>Plaintiff's daughter<br>Miami, Florida | Plaintiff<br><br>" . . . will provide testimony establishing Plaintiff's entitlement."<br><br>O.Ortega Aff., ¶¶ 5-6 | Unclear.<br><br>Plaintiff fails to provide sufficient specificity that would permit assessment of importance of this potential witness' testimony. | Supports transfer.<br><br>Importance of testimony and extent of inconvenience unclear from record; to the extent needed, witness is family member who should reasonably be expected to travel voluntarily. |

---

[28] Plaintiff's Response, p. 3.
[29] Plaintiff's Response, p. 3.

Case 1:05-cv-22285-ASG Case 1:06-cv-6286-GBD Document 27 Document 28 Entered on FLSD Docket 04/25/2007 Filed 07/09/2007 Page 17 of 19

CASE NO. 05-22285-CIV-GOLD

| NAME ROLE/LOCATION | PROFFERED BY/ RELEVANCE | IMPORTANCE | TRANSFER BALANCE |
|---|---|---|---|
| Alina Tachara Plaintiff's daughter Taunton, Massachusetts | Plaintiff (presumably - plaintiff has not specifically identified this witness) Personal knowledge of Plaintiff's efforts to recover the disputed shares and interest. | Potentially High. | Supports transfer. To the extent needed, witness is family member who should reasonably be expected to travel voluntarily; moreover, witness is located in Taunton, Massachusetts; voluntary travel to New York thus more likely/convenient than voluntary travel to Miami. |
| Gustav Morales Plaintiff's son Minneapolis, Minnesota | Plaintiff (presumably - plaintiff has not specifically identified this witness) | Unclear. | Supports transfer. To the extent needed, witness is family member who should reasonably be expected to travel voluntarily; moreover, witness is located in Minneapolis, Minnesota; voluntary travel to New York thus more likely/convenient than voluntary travel to Miami. |

| NAME<br>ROLE/LOCATION | PROFFERED BY/<br>RELEVANCE | IMPORTANCE | TRANSFER<br>BALANCE |
|---|---|---|---|
| Plaintiff's unnamed family members<br><br>Cuba and Florida | Plaintiff<br><br>" . . . will provide testimony establishing Plaintiff's entitlement."<br>O.Ortega Aff., ¶ 5 | None. | Supports transfer. General identification of unnamed witnesses is insufficient on motion to transfer venue pursuant to 28 U.S.C. 1404(a). |
| Unnamed employees of the United States Department of the Treasury<br><br>Washington, D.C. | Plaintiff<br><br>" . . . have knowledge of the issues raised in the Amended Complaint . . ."<br><br>M.Felipe Aff., ¶ 8(d) | None. | Supports transfer.<br><br>Pursuant to caselaw, general identification of unnamed witnesses is insufficient on motion to transfer venue pursuant to 28 U.S.C. 1404(a). Even is sufficient specificity had been provided, witnesses are third-party witness that Plaintiff anticipates calling in support of her claims;[30] located in Washington, D.C.; voluntary travel to New York thus more likely/convenient than voluntary travel to Miami. |
| Oscar P. Leyva<br>Translator of 3 page Special Power of Attorney<br><br>Miami, Florida | Plaintiff<br><br>Translated document | None. | Supports transfer.<br><br>Witness has no relevant testimony to offer. |
| R. Perez<br>Notarized translation of 3 page Special Power of Attorney<br><br>Miami, Florida | Plaintiff<br><br>Served as a notary | None. | Supports transfer.<br><br>Witness has no relevant testimony to offer. |

---

[30]   Plaintiff's Response, p. 3.

CASE NO. 05-22285-CIV-GOLD

| NAME<br>ROLE/LOCATION | PROFFERED BY/<br>RELEVANCE | IMPORTANCE | TRANSFER<br>BALANCE |
|---|---|---|---|
| Thomas Norton<br>Translator of 2 page<br>Sworn Statement<br><br>Hollywood, Florida | Plaintiff<br><br>Translated document | None. | Supports transfer.<br><br>Witness has no relevant testimony to offer. |

## CONCLUSION

Based on the foregoing, and for the reasons set forth in Citi's previous filings incorporated fully herein by reference, Citi respectfully requests that this Court enter an Order transferring this case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

Dated: April 25, 2007.

Respectfully submitted,

/s/ Elena M. Marlow
**ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.**
José I. Astigarraga, Edward M. Mullins,
& Elena M. Marlow
Fla. Bar No. 263508, 863920, 139858 & 817031
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Tel:(305) 372-8282
Fax:(305) 372-8202
E-mail: emarlow@astidavis.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendant Citigroup's Supplemental Memorandum in Support of its Motion to Transfer Venue was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case.

Dated this 25th day of April, 2007.

/s/ Elena M. Marlow
**ELENA M. MARLOW**

F:\WDOX\CLIENTS\10016\5002\00062437.DOC