IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 05-22285 CIV GOLD

JUSTA C. MORALES, as personal
representative of the estate of
GUSTAVO A. MORALES,

      Plaintiff,

vs.

CITIGROUP, INC.  f/k/a
THE NATIONAL CITY BANK OF NEW YORK,

      Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
CITIGROUP'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF ITS MOTION TO TRANSFER VENUE**

Pursuant to this Court's Order entered on June 18, 2007, Plaintiff, JUSTA C. MORALES, as

personal representative of the estate of GUSTAVO A. MORALES, ("Morales"), hereby responds to

Defendant's Supplemental Motion to Transfer Venue and in support thereof states:

**SUMMARY OF THE FACTS**

Plaintiff, Gustavo A. Morales, (hereinafter "Gustavo Morales") originally filed the present

cause of action on August 16, 2005 for damages arising out if his entitlement to shares of

Defendant's stock which were purchased by his uncle and father in Cuba.  The action was properly

brought before the United State District Court, for the Southern District of Florida[1].  Defendant,

Citigroup, Inc. f/k/a The National City Bank of New York (hereinafter "Citigroup") sought to

---

[1] Defendant has not questioned the propriety of this Court's jurisdiction or venue, rather Defendant's argument is simply that New York is a more convenient forum for it to defend the present cause of action.

transfer this case to the Southern District of New York. While Defendant's motion to transfer was pending, Gustavo Morales passed away. Subsequent to Gustavo Morales' passing, the Court administratively closed the case pending determination of the proper plaintiff.

Pursuant to Plaintiff's motion, this case was reopened by Court Order of April 11, 2007 and JUSTA C. MORALES, the personal representative of Gustavo Morales' estate, was named as the proper plaintiff in this action. On or about April 25, 2007 Defendant filed its Supplemental Memorandum in Support of its Motion to Transfer Venue.

## SUMMARY OF THE ARGUMENT

In determining whether to transfer a cause of action to another district, the statutory language sets out general factors to be determined. However, said factors are not exclusive and a case by case evaluation is necessary in order to ascertain whether a transfer of venue is warranted. The instant case does not meet the established criteria to allow transfer out of the venue chosen by Plaintiff.

## ARGUMENT

The statutory language sets out the factors to be considered in deciding upon a motion to transfer venue. *See 28 U.S.C.A. § 1404(a).* These factors are: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice. Although the factor most often afforded the greatest weight in consideration of whether or not to allow a transfer of venue is the convenience of the witnesses, it is not dispositive. *Zidon v. Pickrell*, 344 F. Supp.2d 626, 634 (S.D. N.D. 2004). Therefore, all relevant factors must be weighed together.

### I.    Balance of Conveniences

Plaintiffs' choice of forum is still given deference. *Id*. at 633. "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947). Plaintiff's choice of forum is especially significant

2

when the motion to transfer is simply an attempt to shift the inconvenience from one party to the other. *Terra International Inc. v. Mississippi Chem. Corp.,* 119 F.3d 688, 696 (8th Cir. 1997); *Southern Investors II v. Commuter Aircraft Corp., 520 F. Supp. 212, 219* (M.D.L. 1981). Moreover defendant bears the burden of proof to show a right to have the case transferred by a strong and preponderant balance in its favor and not just a slight degree of added convenience. *Crawford Transport Co. v. Chrysler Corp.,* 191 F. Supp. 223, 228 (D.C. Ky. 1961); *Aquarium Pharmaceuticals, Inc. v. Industrial Pressing & Packaging, Inc.*, 358 F. Supp. 441, 446 (D.C. Pa. 1973); *O'Brien v. Goldstar Technology, Inc.* (W.D.N.Y. 1993)

To establish whether a change of venue will unjustly inconvenience Plaintiff, the court must conduct a thorough analysis of (1) the number of witnesses available in the alternate venue, including witnesses willingness to appear, (2) the ability to subpoena witnesses and that adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred and (5) the applicability of each forum states' substantive law. *Terra International Inc. v. Mississippi Chem. Corp.,* 119 F.3d 688, 696 (8th Cir. 1997).

In the present case Defendant's original Motion to Transfer Venue and its Memorandum in Support of Its Motion to Transfer Venue as well as Defendant Citigroup's Supplemental Memorandum in Support of its Motion to Transfer Venue all mostly revolve around Defendant's contention that most witnesses, including third-party witnesses, as well as other sources of proof are more easily accessible within the Southern District of New York. However, Defendant fails to take into consideration those witnesses willingness to travel to South Florida or the possibility of obtaining witness testimony by depositions.

Specifically, Defendant states that Plaintiff's children living outside of South Florida and New York, who according to Defendant "have highly pertinent information regarding this case,"

mitigates in favor of the transfer from South Florida to New York. However, if Plaintiff's children where called to testify and appear they would be just as inconvenienced by appearing in Miami as they would be by appearing in New York. Plaintiff's son, Gustavo Morales is stated by Defendant to be currently living in Minneapolis, Minnesota and Plaintiff's daughter, Alina Tachara is living in Boston, Massachusetts. It would be necessary for either one of these two potential witnesses to travel by plane outside of their home jurisdiction to appear at either venue. Moreover, Plaintiff is positive Mr. Gustavo Morales and Ms Tachara would willingly travel to South Florida if requested to do so in regards to the present case, where they have both in the past been involved in trying to resolve the present cause of action in favor of Plaintiff. See Defendant Citigroup's Supplemental Memorandum in Support of its Motion to Transfer Venue Composite Exhibit "C."

Furthermore, Defendant asserts that its principal witnesses would also be burdened by having to travel to South Florida to testify in regards to the present case. Defendant also asserts that due to the witnesses' roles within Citigroup they cannot afford to be absent without disturbing Defendant's day-to-day operations. See Peter Pellegrine's Affidavit ¶ 14, attached to Defendant Citigroup's Supplemental Memorandum in Support of its Motion to Transfer Venue as Exhibit "D." However, said position has been deemed insufficient to warrant transfer of venue where litigating the case in an alternate forum would be deemed a financial hardship on the Plaintiff.

Citigroup, as a multinational corporation is surely more apt to bear the financial expense of having its employees travel in order to testify in the present case than Plaintiff. Moreover, testimony of those individuals not available for in Court testimony may be brought in by depositions. Therefore, in regards to the issues of party and witness convenience, transfer of the present cause of action would be a substantial advantage to the Defendant. Transfer of venue cannot be granted when as a result one the moving party would stand at even a slight advantage *Aquarium*

*Pharmaceuticals, Inc. v. Industrial Pressing & Packaging, Inc.*, 358 F. Supp. 441, 446 (D.C. Pa. 1973).

As to the location of documents in support of either party's case, given accessibility to documents via electronic mail and facsimile as well as several forms of transportation, said assertion is not entitled to great weight. *American Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 261 (W.D. Mo. 1980).

## II. Interest of Justice

In defining whether a change of venue will serve the interest of justice the factors to be considered are: (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law. *Terra International Inc. v. Mississippi Chem. Corp.,* 119 F.3d 688, 696 (8th Cir. 1997); Zidon v. Pickrell, 344 F. Supp. 2d 624, 635 (D.N.D. 2004).

The interest of judicial economy would best be served by maintaining the present case in South Florida. This Court is already aware of all relevant factors and of the background of the case. Furthermore, Plaintiff has specifically chosen to bring the present cause of action here, Decedent's home, and wishes to continue litigation here.

Additionally, the costs for Plaintiff to litigate the case in New York are substantial. Plaintiff would have to pay for counsel to travel to New York on several occasions, incur all travel related expenses, pay for the costs of transferring documents to New York, among other things. Plaintiff simply does not have the funds to conduct an extensive litigation outside of the present venue. By contrast, Defendant is a multi-national corporation who is already conducting business in South Florida, has counsel already present in South Florida and would not be highly burdened by the

expenses related to the present cause of action. On this consideration alone, transfer of venue should be denied. *Crawford Transport Company v. Chrysler Corporation*, 191 F. Supp. 223, 228 (D.C. Ky. 1961)

Of the remaining factors, the most important would be the advantages of having a local court determine the present question of law. Surely, there are a number of Cuban-American citizens in the South Florida area facing the same ordeal as Plaintiff either directly with Defendant or with similar financial institutions. To have precedent on this particular issue could be of great importance to the legal jurisprudence in this forum. Therefore, the advantage of having this Court determine the issue of law involved in the present case are not just related to the present parties, but to a potentially substantial number of future cases to be brought before this Court.

## CONCLUSION

Based on the foregoing, Plaintiff requests that Defendant's Motion to Transfer this

case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) should be denied.

Respectfully submitted,

**DORTA & ORTEGA, P.A.**

/s/ Omar Ortega, Esq.
Florida Bar No. 0095117
Douglas Entrance
800 Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone:     (305) 461-5454
Fax:              (305) 461-5226
E-mail: ortegalaw@bellsouth.net

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 22, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsels or parties who are not authorized to receives electronically Notices of Electronic Filing.

By: /s/ Omar Ortega, Esq.
   Omar Ortega, Esq.
   Florida Bar No. 0095117
   **DORTA & ORTEGA, P.A.**
   Douglas Entrance
   800 S. Douglas Road, Suite 149
   Coral Gables, Florida 33134
   Phone: (305)461-5454
   Facsimile: (305)461-5226

## SERVICE LIST

CASE NO.: 05-22285-CIV-GOLD/TURNOFF

Elena M. Marlow, Esq.
emarlow@astidavis.com
Astigarrga Davis Mullins and Grossman, P.A.
701 Brickell Avenue
16th Floor
Miami, Florida 33131
(305) 372-8282
(305) 372-8202
Attorneys for Defendant
Citigroup, Inc. f/k/a The National
City Bank of New York