UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 05-22285-CIV-GOLD/SIMONTON

JUSTA MORALES, as Personal
Representative of the Estate of
Gustavo Morales,

   Plaintiff,

vs.

CITIGROUP, INC., f/k/a THE
NATIONAL CITY BANK OF
NEW YORK,

   Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER
PURSUANT TO 28 U.S.C. § 1404(a)

THIS CAUSE is before the Court upon Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) **[DE 27]**. I reviewed Defendant's Motion, Plaintiff's Response, and Defendant's Reply, and heard argument from the parties. For the reasons stated on the record on June 27, 2007, I grant Defendant's Motion to Transfer.[1]

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1.  Defendant's Motion to Transfer for *Forum Non Conveniens* Pursuant to 28 U.S.C. § 1404(a) **[DE 27]** is GRANTED.

2.  This lawsuit is hereby TRANSFERRED to the Southern District of New York.

3.  The clerk is directed to CLOSE this case.

**DONE AND ORDERED IN CHAMBERS** this 29 day of June, 2007.

            _____
            ALAN S. GOLD
            UNITED STATES DISTRICT JUDGE

Copies furnished:
Magistrate Judge Turnoff
All counsel of record

---

[1] The relevant portion of the transcript from that hearing is attached hereto.

Case 1:05-cv-22285-ASG Document 35 Entered on FLSD Docket 07/02/2007 Page 2 of 8   Case 1:05-cv-22285-ASG Document 35 Entered on FLSD Docket 07/02/2007 Page 2 of 8

1

```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA
                       MIAMI DIVISION
                  Case 05-22285-CIV-GOLD


GUSTAVO A. MORALES,

           Plaintiff,
                                              MIAMI, FLORIDA
   vs.
                                              JUNE 27, 2007
CITIGROUP f/k/a THE NATIONAL
CITY BANK OF NEW YORK,
                                              (Pages 1 - 7)
           Defendant.
------------------------------------------------------------


              TRANSCRIPT OF COURT'S RULING
         BEFORE THE HONORABLE ALAN S. GOLD,
               UNITED STATES DISTRICT JUDGE

APPEARANCES:


FOR THE PLAINTIFF:        OMAR ORTEGA, ESQ.
                          Dorta & Ortega, P.A.
                          800 South Douglas Road, Suite 149
                          Coral Gables, FL  33134   305.461.5454
                                             (Fax) 305.461.5226
                          ortegalaw@bellsouth.net


FOR THE DEFENDANT:        ELENA MARGARITA MARLOW, ESQ.
                          Astigarraga Davis Mullins & Grossman
                          701 Brickell Avenue, 16th Floor
                          Miami, FL  33131        305.372.8282
                                           (Fax) 305.372.8202
                          emarlow@astidavis.com
```

```
 1  REPORTED BY:              JOSEPH A. MILLIKAN, RPR-CM-NSC-FCRSC
                              Official United States Court Reporter
 2                            Federally Certified Realtime Reporter
                              Federal Courthouse Square, Ste. 1004
 3                            301 North Miami Avenue
                              Miami, FL  33128-7792    305.523.5588
 4                                         (Fax) 305.523.5589
                              email:  jamillikan@aol.com
 5
 6
 7                         TABLE OF CONTENTS
 8                                                              Page
 9  Reporter's Certificate ..................................... 7
10
11                         INDEX TO EXHIBITS
12  Exhibits                      Marked for           Received
                                  Identification       in Evidence
13
    Description                   Page    Line         Page   Line
14
15
16                         CITATION INDEX
17                                                              Page
18
19                      SIDE-BAR CONFERENCE INDEX
20  Descriptions                                                Page
21
22
23
24
25
```

June 27, 2007

|     |                                                                      |
| --- | -------------------------------------------------------------------- |
| 1   | RULING BY THE COURT                                                  |
| 2   | It is not normally my procedure to rule quickly from                 |
| 3   | the bench because I usually would write something, but this          |
| 4   | case has been pending for a while and I'm anxious to conclude        |
| 5   | this aspect so that it can be moved on. And I thought after          |
| 6   | hearing your argument today, I would determine my position on        |
| 7   | the motion.                                                          |
| 8   | I would ask that this part of the hearing be                         |
| 9   | transcribed. I'm going to impose the cost on Citigroup because       |
| 10  | this is your motion on this part of the hearing.                     |
| 11  | MS. MARLOW: Very well.                                               |
| 12  | THE COURT: So, I want to attach it to an order I'm                   |
| 13  | going to enter.                                                      |
| 14  | This matter is before the Court on the defendant                     |
| 15  | Citigroup's motion to transfer venue pursuant to § 1404(a).          |
| 16  | This transfer is requested to the Southern District of New           |
| 17  | York.                                                                |
| 18  | Title 28 United States Code § 1404(a) states, and I                  |
| 19  | quote:                                                               |
| 20  | "For the convenience of the parties and witnesses in                 |
| 21  | the interest of justice, a District Court may transfer any           |
| 22  | civil action to any other district or division where it              |
| 23  | might have been brought."                                            |
| 24  | By this statute, Congress has authorized courts to                   |
| 25  | transfer the venue of a case in order to avoid unnecessary           |

1  inconvenience to the litigants, witnesses and the public and to
2  conserve time, energy and money.
3       Whether a transfer is appropriate depends on two
4  inquiries:  First, whether the action might have been brought
5  in the proposed transferee court and, second, whether various
6  factors are satisfied so as to determine if a transfer to a
7  more convenient forum is justified.
8       As to the first factor, I conclude that the action
9  might have been brought in the Southern District of New York.
10 The complaint in this case is based on diversity of citizenship
11 pursuant to Title 28 United States Code § 1332.
12      The original plaintiff was a resident of the Southern
13 District of Florida.  He is now deceased and his personal
14 representative has been substituted in his place.
15      The defendant is a financial institution organized
16 under the laws of the State of New York.  There is no question
17 that personal jurisdiction, venue and service of process would
18 have been proper in the Southern District of New York.
19      After determining that the action could have been
20 brought in the alternative forum, the next question is whether
21 the preponderance of the evidence establishes that the transfer
22 would meet certain applicable factors.  These factors include
23 the convenience of the parties, the convenience of the
24 witnesses, the relevance ease of access of sources of proof,
25 the availability of service of process to compel the presence

1 of unwilling witnesses, the costs of obtaining the presence of
2 witnesses, the public interest, and all other practical
3 problems that make trial of the case easy, expeditious and
4 inexpensive.
5  Applying these factors, I conclude that on balance
6 they support transfer to the Southern District of New York by
7 the preponderance of the evidence.
8  With regard to the convenience of the parties, I
9 recognize that weight should be given to the plaintiff's choice
10 of forum, but the plaintiff is now deceased. His personal
11 representative has little direct knowledge about the facts of
12 the case in that she was not even listed as a potential witness
13 in prior filings.
14  No doubt the personal representative will be less
15 convenienced by having to litigate in New York but in point of
16 fact, it is likely that all significant depositions of
17 witnesses will be in New York or other states other than
18 Florida.
19  Any increased cost of litigation to the plaintiff is
20 significantly outweighed by other factors, particularly the
21 convenience of both party and nonparty witnesses, the location
22 of sources of proof and the availability of compulsory service
23 of process in New York.
24  The substance of the complaint is that the deceased
25 plaintiff is the rightful owner of certain shares of Citigroup

1 stock that were purchased in Cuba in the 1930s and that he was
2 entitled to a disputed amount of interest and dividends on that
3 stock. Almost all the relevant witnesses and sources of proof
4 in connection with the claim are located in New York. Most
5 critically, the important third-party witnesses are located in
6 New York and would be subject to the subpoena power of the
7 Southern District of New York.
8     With regard to factors affecting the public interest,
9 I conclude that New York has a heightened interest in this
10 dispute because the case does involve claims regarding
11 requirements of transfer of securities and the securities in
12 question are registered and traded on the New York Stock
13 Exchange.
14     Because the allegations of wrongful conduct, more
15 specifically, the claim of conversion, is alleged to have
16 occurred in New York and would be subject to local New York
17 law, accordingly New York is the forum with the more
18 significant contacts with the events resulting in this
19 litigation.
20     Moreover, any judgment rendered in this case would
21 have to be enforced in New York. For these reasons, the motion
22 for transfer is granted.
23     I'm going to prepare an order which transfers the case
24 for reasons stated of record and attach the transcript once
25 it's prepared.

June 27, 2007

1  Thank you for your time and appearance today.
2  MR. ORTEGA: Thank you very much, Your Honor.
3  MS. MARLOW: Thank you, Judge.
4  THE COURT SECURITY OFFICER: All rise.
5  [The proceedings conclude at 3:50 p.m., 6/27/07.]
6                C E R T I F I C A T E
7  I hereby certify that the foregoing is an accurate
8  transcription of proceedings in the above-entitled matter.
9
10  _____    _____
      DATE            JOSEPH A. MILLIKAN, RPR-CM-NSC-FCRSC
11                  Official United States Court Reporter
                 Federally Certified Realtime Reporter
12                  301 North Miami Avenue, Suite 1017
                 Miami, FL  33128-7792    305.523.5588
13                                  (Fax) 305.523.5589
                 email:  jamillikan@aol.com
14
15
16
17
18
19
20
21
22
23
24
25