UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 07CV6286 (GRD)

JUSTA C. MORALES, as personal
representative of the ESTATE of
GUSTAVO A. MORALES

    Plaintiff,

v.

CITIGROUP, INC. f/k/a THE NATIONAL CITY
BANK OF NEW YORK,

    Defendant;

CITIGROUP, INC. f/k/a THE NATIONAL CITY
BANK OF NEW YORK,

    Counter-plaintiff,

v.

JUSTA C. MORALES, as personal
representative of the ESTATE of
GUSTAVO A. MORALES,
JANE DOES 1 – X, and JOHN DOES 1 - X,

    Counter-defendants.

_____/

## DEFENDANT CITIGROUP, INC.'S ANSWER, DEFENSES, AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT AND COUNTERCLAIM

    Defendant, CITIGROUP, INC., answers Plaintiff, JUSTA C. MORALES, as personal representative of the estate of GUSTAVO A. MORALES' Amended Complaint.

## JURISDICTION AND VENUE

1. The allegations set forth in paragraph 1 of the Amended Complaint are legal conclusions and thus no admission or denial is required. If one is required, those allegations are denied.

2. Citi admits that this court's subject matter jurisdiction is derived from 28 U.S.C. § 1332. Citi denies all remaining allegations set forth in paragraph 2 of the Amended Complaint.

3. Citi admits the allegations set forth in paragraph 3 of the Amended Complaint, but denies that it is liable to the plaintiff for any amount whatsoever.

4. The allegations set forth in paragraph 4 of the Amended Complaint relate to venue in the Southern District of Florida. Venue has been transferred to the Southern District of New York and thus no admission or denial is required. If one is required, Citi admits that venue was proper, albeit inconvenient, in the Southern District of Florida when this action was originally filed, and that Gustavo Morales was a resident of Miami-Dade County Florida when this action was filed. Citi denies all remaining allegations set forth in paragraph 4 of the Amended Complaint.

## PARTIES

5. Citi admits that the original plaintiff, GUSTAVO A. MORALES, now deceased, was an individual residing in Miami-Dade County, Florida, and who was sui juris.

6. Citi admits that Citigroup Inc. is a corporation. Citi denies all remaining allegations set forth in paragraph 6 of the Amended Complaint.

## STATEMENT OF FACTS

7. Citi admits that, in September 1933, and in, June 1934, Jose Domingo Morales Morales purchased twenty and thirty shares, respectively, of common stock in the National City

CASE NO.: 07CV6286 (GRD)

Bank of New York. Citi denies all remaining allegations set forth in paragraph 7 of Plaintiff's Amended Complaint.

8. Citi denies the allegations set forth in paragraph 8 of the Amended Complaint.

9. Citi is without knowledge as to the allegations set forth in paragraph 9 of the Amended Complaint and thus denies same.

10. Citi denies the allegations set forth in paragraph 10 of the Amended Complaint.

11. Citi admits that for years, GUSTAVO A. MORALES made attempts to have Jose Domingo Morales Morales' shares transferred to his name. Citi denies all remaining allegations set forth in paragraph 11 of the Amended Complaint.

12. Citi is without knowledge as to whether, on February 27, 2002, GUSTAVO A. MORALES obtained license no. CU-69273 from the United States Department of the Treasury. The remaining allegations set forth in paragraph 12 of the Amended Complaint are legal conclusions and thus no admission or denial is required. If one is required, those allegations are denied.

13. The allegations set forth in paragraph 13 of the Amended Complaint are legal conclusions and thus no admission or denial is required. If one is required, those allegations are denied.

14. Citi admits that GUSTAVO A. MORALES continually requested information regarding the value of Jose Domingo Morales Morales' shares. Citi denies all remaining allegations set forth in paragraph 14 of the Amended Complaint.

CASE NO.: 07CV6286 (GRD)

15. Citi admits that on September 26, 2007, a third-party administrator issued a communication on letterhead bearing the tradename "Citibank." Citi denies all remaining allegations set forth in paragraph 15 of the Amended Complaint.

16. Citi denies the allegations set forth in paragraph 16 of the Amended Complaint.

17. Citi denies the allegations set forth in paragraph 17 of the Amended Complaint.

18. Citi denies the allegations set forth in paragraph 18 of the Amended Complaint.

19. Citi denies the allegations set forth in paragraph 19 of the Amended Complaint.

20. The allegations set forth in paragraph 20 of the Amended Complaint are legal conclusions and thus no admission or denial is required. If one is required, those allegations are denied.

21. Citi denies the allegations set forth in paragraph 21 of the Amended Complaint.

22. Citi denies the allegations set forth in paragraph 22 of the Amended Complaint.

23. Citi denies the allegations set forth in paragraph 23 of the Amended Complaint.

24. Citi denies the allegations set forth in paragraph 24 of the Amended Complaint.

25. Citi denies the allegations set forth in paragraph 25 of the Amended Complaint.

26. Citi denies the allegations set forth in paragraph 26 of the Amended Complaint.

27. Citi denies the allegations set forth in paragraph 27 of the Amended Complaint.

28. Citi denies the allegations set forth in paragraph 28 of the Amended Complaint.

29. Citi admits that GUSTAVO A. MORALES repeatedly requested information regarding the value of Jose Domingo Morales Morales' shares, accrued interest, and dividends. Citi denies all remaining allegations set forth in paragraph 29 of the Amended Complaint.

## **DECLARATORY JUDGMENT**

30. Citi reasserts the responses to the allegations of the Amended Complaint in paragraphs 1 through 29 above as though the same were fully set forth herein.

31. Citi denies the allegations set forth in paragraph 31 of the Amended Complaint.

32. Citi denies the allegations set forth in paragraph 32 of the Amended Complaint.

33. Citi denies the allegations set forth in paragraph 33 of the Amended Complaint.

34. Citi denies the allegations set forth in paragraph 34 of the Amended Complaint.

35. Citi denies the allegations set forth in paragraph 35 of the Amended Complaint.

## **CONVERSION**

36. Citi reasserts the responses to the allegations of the Amended Complaint in paragraphs 1 through 29 above as though the same were fully set forth herein.

37. Citi denies the allegations set forth in paragraph 37 of the Amended Complaint.

38. Citi denies the allegations set forth in paragraph 38 of the Amended Complaint.

39. Citi denies the allegations set forth in paragraph 39 of the Amended Complaint.

40. Citi admits that it has found no record of Citi shares purchased by Tomas Morales.

41. Citi admits that it did not transfer or "return" Citi shares to GUSTAVO A. MORALES that were allegedly purchased by Tomas Morales because Citi has found no record of said shares.

42. Citi denies the allegations set forth in paragraph 42 of the Amended Complaint.

CASE NO.: 07CV6286 (GRD)

## EQUITABLE ACCOUNTING

43. Citi reasserts the responses to the allegations of the Amended Complaint in paragraphs 1 through 29 above as though the same were fully set forth herein.

44. Citi admits that Plaintiff seeks an equitable accounting of Citi shares that were issued to Jose Domingo Morales Morales and shares that were allegedly issued to Tomas Morales.

45. Citi denies the allegations set forth in paragraph 45 of the Amended Complaint.

46. Citi denies the allegations set forth in paragraph 46 of the Amended Complaint.

47. Citi denies the allegations set forth in paragraph 47 of the Amended Complaint.

48. Citi denies the allegations set forth in paragraph 48 of the Amended Complaint.

49. Citi denies the allegations set forth in paragraph 49 of the Amended Complaint.

50. Citi further denies each and every allegation in the Amended Complaint not specifically admitted.

51. Citi reserves its right to amend its response to the Amended Complaint as necessary.

## CITI'S DEFENSES AND AFFIRMATIVE DEFENSES

52. Plaintiff's claims, in whole or in part, fail to state a cause of action for which relief can be granted.

53. Plaintiff has sued an improper party. The actual successor to The National City Bank of New York, LLC is Citibank, N.A.

54. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations or by the doctrine of laches.

55. Plaintiff failed to satisfy certain conditions precedent in order to take possession of Jose Domingo Morales Morales' shares, including but not limited to, providing legal documentation to Citi's transfer agent, which is required by rules promulgated under the aegis of the Securities and Exchange Commission before a transfer of shares may take place.

56. Plaintiff does not possess the appropriate license from the United States Treasury Department that would allow for the transfer of estate assets belonging to a Cuban national.

57. Plaintiff's claims are barred in whole or in part, for failure to join necessary or indispensable parties.

58. Citi has not maintained possession of Jose Domingo Morales Morales' Citi shares as a result of fraud, intent to deprive Plaintiff of any property belonging to GUSTAVO A. MORALES, or any other inequitable conduct, and Citi at all times acted in good faith.

59. With respect to Plaintiff's claims of the existence of shares allegedly issued to Tomas Morales, Citi states that it responded to GUSTAVO A. MORALES' inquires and that Citi at all times acted in good faith and has not engaged in fraud or any other inequitable conduct with respect to the alleged shares belonging to Tomas Morales.

60. It is impossible for Citi to comply with Plaintiff's demands regarding the shares issued to Jose Domingo Morales Morales and allegedly issued to Tomas Morales.

61. Any damages or injury of which Plaintiff complains were caused by the actions of Plaintiff or by third parties over which Citi exercises no control.

62. Plaintiff failed to mitigate her damages, if any.

63. Citi hereby gives notice that it intends to rely upon such other and further defense as may become available or apparent during pretrial proceedings in this action and hereby

reserves its rights to amend this Answer and assert all such defenses.

## COUNTERCLAIM FOR INTERPLEADER

64. Defendant/counter-plaintiff, CITIGROUP, INC. and counter-plaintiff CITIBANK, N.A. f/k/a THE NATIONAL CITY BANK OF NEW YORK (collectively "Citi"), bring their compulsory counterclaim for interpleader against Plaintiff/counter-defendant JUSTA C. MORALES, as personal representative of the Estate of GUSTAVO A. MORALES, and counter-defendants, Jane Does 1 - X and John Does 1 - X pursuant to Federal Rules of Civil Procedure 13(a), 13(h), and 22(1).

### The Parties

65. Defendant/counter-plaintiff CITIGROUP, INC. is a Delaware corporation, with its principal place of business in New York, New York.

66. Defendant/counter-plaintiff CITBANK, N.A., f/k/a THE NATIONAL CITY BANK OF NEW YORK, is a national banking association with its principal place of business in New York, New York.

67. Plaintiff/counter-defendant JUSTA C. MORALES, as personal representative of the Estate of GUSTAVO A. MORALES, ("Plaintiff") is an individual residing in Miami-Dade County, Florida.

68. Counter-defendants Jane Does 1 – X and John Does 1 – X are, upon information and belief, Cuban nationals residing in Cuba. These defendants are heirs to the estate of Jose Domingo Morales Morales, a Cuban national who purchased shares of Citi stock in the 1930s. Their true names are unknown to Citi at this time.

CASE NO.: 07CV6286 (GRD)

**Subject Matter Jurisdiction and Venue**

69.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(3) as the controversy is between citizens of different states and one in which citizens or subjects of a foreign state are additional parties, and the amount in controversy exceeds $75,000.00, exclusive of interest, costs and fees.

70.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 and 28 U.S.C. 1404(a).

## GENERAL ALLEGATIONS
### The Citi Shares

71.     In the early 1930s, Jose Domingo Morales Morales ("Jose Domingo") purchased 50 shares of common stock in the National City Bank of New York ("the Shares").

72.     Jose Domingo, who was a citizen and resident of Cuba, had the share certificates issued to him in his name only, at his address in Caibarien, Cuba.

73.     Upon information and belief, Jose Domingo, a married man, died in Cuba.

### The Cuban Assets Control Regulations

74.     In February 1962, after Castro and his communist forces took over Cuba, the United States began a wide-ranging economic embargo against Cuba.

75.     The Office of Foreign Assets Control ("OFAC") of the United States Treasury Department was granted the authority to implement and enforce the embargo against Cuba with a series of rules and regulations, which are known as the Cuban Assets Control Regulations (the "Regulations"), 31 C.F.R. §515.201 et seq.

76.     One of the ways that OFAC has imposed sanctions on Cuba is by "freezing"

9

assets and property in which a Cuban national has an interest and "blocking" all financial transactions relating to that property when any such property is under the possession or control of persons or entities subject to the jurisdiction of the United States.

77. The Regulations thus prohibit United States financial institutions from making any dividend payments to a Cuban national and require that those monies instead be maintained in an escrow account.

78. The Shares constitute "frozen" assets under the Regulations.

79. Citi maintains dividends owing on the Shares, and accrued interest on those dividends, in an escrow account in New York.

80. The funds contained in the escrow account constitute "frozen" assets under the Regulations.

81. Any person or entity subject to the jurisdiction of the United States holding or controlling "frozen" assets or accounts must maintain those assets and accounts in accordance with the Regulations issued by OFAC.

82. Failure by a financial institution to abide by OFAC's requirements can result in severe civil penalties and even criminal prosecution.

83. Citi is an entity subject to the jurisdiction of the United States.

84. Accordingly, Citi must comply strictly with the Regulations before transfer or release of the Shares or any funds maintained in the United States may be effectuated.

85. In the case of heirs, estate beneficiaries, or devisees of Cuban nationals, when estate assets are located in the United States, section 515.522 of the Regulations requires that certain documentation be presented to establish legal entitlement to blocked assets.

86. Specifically, in order to obtain a license from OFAC to unblock estate assets of a Cuban national that are located in the United States, among other conditions, the person claiming an interest in the blocked assets must be a permanent resident of the U.S. and provide proof of death of the Cuban national and "proof of heirship, to be established by a copy of the decedent's duly executed will certified by a probate court, a court decree determining the heirs - or failing the availability of such documents - copies of certificates establishing the relationship of the heir to the deceased, e.g., birth or marriage certificates." 31 C.F.R. §515.522.

### The Transfer Agent Requirements

87. Citi also must comply with rules promulgated by the Securities and Exchange Commission ("SEC") for the transfer of shares that are registered and traded on the New York Stock Exchange ("NYSE").

88. Citi's stock that was issued to Jose Domingo in the 1930s and to which Plaintiff claims entitlement is traded on the NYSE.

89. Rules promulgated by the Securities Transfer Association under the aegis of the SEC set forth certain requirements that, when met, tend to establish that a particular claimant is entitled to have shares transferred to his or her name, when the claimed shares originally were issued to a decedent that is not a U.S. resident.

90. Again, and similar to the Regulations, these rules turn on offering proof that a claimant is, in fact, the intended or allowed recipient of a portion of a decedent's estate is the intended or allowed recipient of securities traded on the NYSE.

91. Citi must comply with the transfer rules to protect itself from potential liability if it were to transfer shares to a claimant who it was later discovered was not legally entitled to

claimed shares.

92. Specifically, the transfer rules require that a claimant provide, *inter alia*, a certified copy of the death certificate; an affidavit of residence for the decedent; succession papers from the jurisdiction where the estate is being administered; a court certified copy of the will; an opinion by an attorney licensed to practice in the jurisdiction, (here Cuba), that the papers are in order, that all applicable taxes have been paid, that debts of the estate have been paid or are fully secured, and that an endorsement of the stock certificate by the estate representative has been made, as well as other requirements.

### Mr. Morales' Claims

93. Beginning in 1987 and perhaps earlier, GUSTAVO A. MORALES began making various inquiries and requests to Citi regarding the Shares.

94. Specifically, GUSTAVO A. MORALES claimed to be Jose Domingo's nephew and the rightful owner of the Shares, began requesting information regarding the value of the Shares and the escrow account, and requested that the Shares be transferred to his name.

95. GUSTAVO A. MORALES has provided Citi with a copy of what purports to be Jose Domingo's death certificate.

96. The purported death certificate appears to have been originally issued on August 13, *2001*, yet gives Jose Domingo's date of death as July 16, *1991*, some ten (10) years prior.

97. Plaintiff has not provided Citi with Jose Domingo's will, a Cuban court decree establishing his heirs, certificates that would show GUSTAVO A. MORALES' familial relationship with Jose Domingo, or evidence that other heirs or devisees of Jose Domingo have disclaimed any legal interest and entitlement they may have in the Shares and the monies in the

escrow account.

98.     Plaintiff's failure to provide Citi with such legal documentation has created doubt and uncertainty on the part of Citi as to the legitimacy of her claims.

99.     Citi believes that there are other prospective claimants to the Shares and the monies in the escrow account who are located in Cuba.

100.    Specifically, upon information and belief, Jose Domingo was married and had a surviving spouse. It is certainly possible that he had children and other surviving relatives as well.

101.    Accordingly, any number of Jose Domingo's relatives, may be entitled to a portion of his estate.

102.    Citi has an interest in protecting itself from future litigation and from liability to multiple claimants and to comply with federal law.

103.    Absent the necessary proof from Plaintiff, which has not been forthcoming, Citi cannot determine who is entitled to the Shares or the monies in the escrow account.

<u>**Count I- Interpleader**</u>

104.    Citi realleges and incorporates paragraphs 66 through 103 as though fully set forth herein.

105.    Citi is under an obligation to transfer the Shares and the monies in the escrow account to the persons having legal entitlement to them, if consistent with federal law.

106.    The Shares and the monies in the escrow account are derived from a common fund, and are a single liability owed to the persons legally entitled to them.

107.    Citi is a mere stakeholder and has no interest in the Shares and the monies in the

escrow account.

108. Plaintiff/counter-defendant has claimed that she alone is legally entitled to the Shares and the monies in the escrow account and has demanded that Citi transfer the Shares and those monies to her.

109. Plaintiff/counter-defendant has not provided documentation supporting her claim that she alone is legally entitled to the Shares and to the monies in the escrow account.

110. Citi has a reasonable basis to believe that there are other persons in Cuba, or elsewhere, which may be legally entitled to all or a portion of Jose Domingo's estate.

111. Accordingly, Citi has a legitimate fear that there are other prospective claimants to the Shares and the monies in the escrow account in Cuba.

112. Citi thus potentially is exposed to double or multiple liability.

113. Citi should not have to speculate or determine at its peril who is legally entitled to the Shares and the monies in the escrow account.

114. Citi nevertheless has been called on to expend money for the purpose of investigating the facts arising out of Plaintiff/counter-defendant's claims and has enlisted the assistance of counsel for the purposes of bringing of this counterclaim.

115. All such sums of money that Citi has expended are or should be a legal charge on the value of the Shares and the monies in the escrow account; and such expenses as Citi has incurred or will incur should be paid out of the value of the Shares and the monies in the escrow account.

116. WHEREFORE, Citi respectfully requests that the Court issue an Order which (I) discharges Citi from all liability as to ownership of the Shares and the monies in the

escrow account; (II) requires the competing claimants to the Shares and the monies in the escrow account, Plaintiff/counter-defendant JUSTA C. MORALES, as personal representative of the Estate of GUSTAVO A. MORALES, and counter-defendants Jane Does 1 – X and John Does 1 – X, to interplead their respective claims to the Shares and the monies in the escrow account among themselves; (IV) awards reasonable attorney's fees and costs to Citi as a result of bringing this counterclaim; and (V) any and all other further relief this court deems proper and just

Respectfully submitted,

/s/ Elena M. Marlow
**ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.**
José I. Astigarraga, Edward M. Mullins, Elena M. Marlow
Fla. Bar No. 263508, 863920,139858 & 817031
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Tel:(305) 372-8282
Fax:(305) 372-8202
E-mail: emarlow@astidavis.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 31, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: **Omar Ortega, Esq.**, Dorta & Ortega, P.A., 2222 Ponce de Leon Blvd., Suite 306, Coral Gables, FL 33134.

/s/ Elena M. Marlow
Elena M. Marlow

F:\WDOX\CLIENTS\10016\5002\00065378.DOC