UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 07CV6286 (GRD)

JUSTA C. MORALES, as personal
representative of the ESTATE OF
GUSTAVO A. MORALES

    Plaintiff,

v.

CITIGROUP, INC. f/k/a THE NATIONAL CITY
BANK OF NEW YORK,

    Defendant;

CITIGROUP, INC. f/k/a THE NATIONAL CITY
BANK OF NEW YORK,

    Counter-plaintiff,

v.

JUSTA C. MORALES, as personal
representative of the ESTATE OF
GUSTAVO A. MORALES,
JANE DOES 1 – X, and JOHN DOES 1 - X

    Counter-defendants.

_____/

### DEFENDANT CITIGROUP, INC.'S MOTION TO STRIKE
### AND ACCOMPANYING MEMORANDUM OF LAW

    Defendant, CITIGROUP, INC., hereby moves to strike all claims for attorneys' fees contained in the Amended Complaint for the reasons set forth in the accompanying memorandum of law.

CASE NO.: 07CV6286 (GRD)

## OVERVIEW

This case stems from Gustavo Morales' claim of alleged entitlement to certain shares of Citi stock that were issued to his now-deceased uncle in Cuba in the 1930s (the "Uncle's Shares"), to additional shares that allegedly were issued to his now-deceased father in Cuba around about the same time (the "Father's Shares").

In general terms, the dispute arises primarily because Plaintiff has been unable to provide Citi with documentation that it deems sufficient to establish Gustavo Morales' claim of ownership to the Uncle's Shares. There is also, however, disagreement between the parties as to the appropriate interest and dividend calculations on the Uncle's Shares, and the very existence of the alleged Father's Shares. Against this backdrop, Plaintiff has filed a three-count Amended Complaint against Citi.

First, Plaintiff seeks declaratory relief in connection with his claim of entitlement to the Uncle's Shares and the disputed amounts of interest and dividends on those shares. Second, Plaintiff asserts a claim for conversion with regard to the Father's Shares, essentially alleging that Citi has refused to acknowledge the existence of these shares. Third, Plaintiff seeks an equitable accounting to determine the number and value of both the Uncle's and Father's Shares, as well as the amounts of accrued dividends and accrued interest currently being held in an escrow account.

Plaintiff seeks attorneys' fees on all three counts asserted in her Amended Complaint. All these claims should be stricken. It is axiomatic that some contractual, statutory or common law basis must exist in order for a party to recover attorneys' fees. Here, there is none.

Plaintiff's is not entitled to attorneys' fees on any of her claims. As such, these claims

2

CASE NO.: 07CV6286 (GRD)

should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

## ARGUMENT

A motion to strike pursuant to Federal Rule of Civil Procedure 12(f) is appropriate when it is used to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Impertinent demands include "matters irrelevant to the issues and **which are not properly at issue between the parties**." Meisel v. N. J. Trust Co. v. Ridgewood, N.J., 216 F. Supp. 469 (S.D.N.Y. 1963) (emphasis added). A demand is impertinent when the substantive law on which a claim is based does not allow for its recovery; including, *inter alia*, a demand for attorneys' fees or exemplary damages. See, e.g. In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litiga.n, 402 F. Supp. 434, 441-442 (S.D.N.Y. 2005) (striking claims for attorneys' fees and for treble damages); Meisel, 216 F. Supp. at 469 (striking claims for punitive damages) Rock v. Voshell, 2006 WL 1409734 * 10 (E.D. Pa. 2006) (striking claims for attorneys' fees); Reese v. Hammer Fin. Corp., 1999 WL 1101677 *4, n. 4 (N.D. Ill. 1999) (same).

Here there is no substantive basis entitling Plaintiff to recover attorneys' fees on any of her claims. As such, her demands in this regard are not properly at issue between the parties and, as such, should be stricken from the Amended Complaint.

In the Amended Complaint, Plaintiff asserts counts for conversion, equitable accounting, and declaratory relief, and demands an award of attorneys' fees in each count. However, it is well-settled that, pursuant to the "American Rule," attorneys' fees are not recoverable absent some contractual agreement, express statutory authority, or other common-law basis. See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247-48 (1975). When claims are

3

in federal court based on diversity, as Plaintiff's claims are here, the availability of attorneys' fees depends upon state law. Lewis v. S. L. & E., Inc., 629 F. 2d 764, 773 n.21 (2d Cir. 1980). New York, like most jurisdictions, follows the American rule with regard to the award of fees. Mercantile Nat'l Bank v. Bradford Trust Co., 850 F. 2d 215, 218 (5th Cir. 1988) (interpreting New York law); Cascione v. Purcigliotti, 2007 WL 1834715 (S.D.N.Y 2007) (recognizing New York's adherence to the American rule). Here, there is no contractual, statutory, or common-law basis for such an award of attorneys' fees on any of Plaintiff's claims. Her prayers for fees are thus improper.

First, there is no contractual basis for attorney's fees in this case. Plaintiff's claims are not founded on any contract.

Next, there is no statutory basis for attorneys' fees in this case. The only statutory claim Plaintiff has asserted in under the federal Declaratory Judgment Act, which does not provide an independent basis for the award of fees. See Mercantile Nat'l Bank v. Bradford Trust Co., 850 F. 2d 215, 218 (5th Cir. 1988) (28 U.S.C. § 2202 permits an award of attorneys' fees only when (1) the restrictive American Rule allows attorneys' fees and (2) when controlling substantive law permits recovery); Brookhaven Science Assocs., LLC v. Donaldson, 2007 WL 2319141 *4 n. 18 (S.D.N.Y. 2007) (same, citing with approval Mercantile); see also, Utica Lloyds v. Mitchell, 138 F. 3d 208, 210 (5th Cir. 1998) (availability of attorney's fees federal Declaratory Judgment actions founded on diversity depends on state law); Western World Ins. Co., Inc. v. Harford Mut. Ins. Co., 602 F. Supp. 36, 37 (D.. Md. 1985) ("[w]here such a recovery would not accord with state law, the court should not award attorneys' fees and costs for the declaratory judgment action"), *rev'd in part on other grounds*, 784 F.2d 558 (4th Cir. 1986).

Finally, there is no common-law basis for attorneys' fees in this case. Plaintiff has asserted common-law claims for conversion and an equitable accounting. New York has expressly rejected claims for attorneys' fees on common-law conversion claims. See <u>Culinary Connection Holdings, Inc. v. Culinary Connection of Great Neck, Inc.</u>, 769 N.Y.S.2d 544, 546 (N.Y. App. Div. 2 Dept. 2003) (lower court erred by awarding attorneys' fees on conversion claim where there was no statutory or contractual authority for it); <u>Schwartz v. Leonard</u>, 526 N..S.2d 506, 508 (N.Y. App. Div. 2 Dept. 1988) (no entitlement to an award of attorneys' fees on a conversion claim). Plaintiff's demand for attorneys' fees on her equitable accounting claim is equally without merit because there is no statutory authority which allows it, no contract that she relies upon that entitles her to fees, and no case law that supports an award of fees in an equitable accounting of this nature. See <u>Baker v. Health Mgt. Sys., Inc.</u>, 98 N.Y.2d 80, 88 (N.. 2002) (citations omitted) (discussing New York law and noting with approval that "the American Rule provides that 'attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute, or court rule'"); <u>Gage v. Monescalchi</u>, 793 N.Y.S.2d 235, 236 (N. App. Div. 3 Dept. 2005) (citations omitted) ("it is the well-settled rule in New York that such fees are considered incidents of litigation, rather than damages, and are not recoverable unless authorized by statute, court rules, or the parties' written agreement").

## CONCLUSION

Based on the foregoing, Citi moves this Court to strike Plaintiff's demands for attorneys' fees on all counts.

CASE NO.: 07CV6286 (GRD)

Respectfully submitted,

/s/ Elena M. Marlow
**ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.**
José I. Astigarraga, Edward M. Mullins,
Elena M. Marlow
Fla. Bar No. 263508, 863920, 139858 & 817031
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Tel:(305) 372-8282
Fax:(305) 372-8202
E-mail: emarlow@astidavis.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 31, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: **Omar Ortega, Esq.**, Dorta & Ortega, P.A., 2222 Ponce de Leon Blvd., Suite 306, Coral Gables, FL 33134.

/s/ Elena M. Marlow
Elena M. Marlon

F:\WDOX\CLIENTS\10016\5002\00065503.DOC