UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 07CV6286 (GBD)

JUSTA C. MORALES, as personal
representative of the ESTATE of
GUSTAVO A. MORALES,

      Plaintiff,

v.

CITIGROUP, INC. f/k/a THE NATIONAL
CITY BANK OF NEW YORK,

      Defendant.
_____/

### DEFENDANT CITIGROUP, INC.'S AMENDED ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant CITIGROUP, INC. answers the Amended Complaint of Plaintiff JUSTA C. MORALES, as personal representative of the estate of GUSTAVO A. MORALES:

### JURISDICTION AND VENUE

1.    The allegations set forth in paragraph 1 of the Amended Complaint are legal conclusions and thus no admission or denial is required. If one is required, those allegations are denied.

2.    Citi admits that this Court's subject matter jurisdiction is derived from 28 U.S.C. § 1332. Citi denies all remaining allegations set forth in paragraph 2 of the Amended Complaint.

3.    Citi admits the allegations set forth in paragraph 3 of the Amended Complaint, but denies that it is liable to Plaintiff for any amount whatsoever.

4.    The allegations set forth in paragraph 4 of the Amended Complaint relate to venue in the Southern District of Florida. Venue has been transferred to the Southern District of

CASE NO.: 07CV6286 (GBD)

New York and thus no admission or denial is required. If one is required, Citi admits that venue was proper, albeit inconvenient, in the Southern District of Florida when this action was originally filed, and that Gustavo Morales was a resident of Miami-Dade County Florida when this action was filed. Citi denies all remaining allegations set forth in paragraph 4 of the Amended Complaint.

## PARTIES

5.  Citi admits that the original plaintiff, GUSTAVO A. MORALES, now deceased, was an individual residing in Miami-Dade County, Florida, and who was sui juris.

6.  Citi admits that Citigroup, Inc. is a corporation. Citi denies all remaining allegations set forth in paragraph 6 of the Amended Complaint.

## STATEMENT OF FACTS

7.  Citi admits that, in September 1933, and in, June 1934, Jose Domingo Morales Morales purchased twenty and thirty shares, respectively, of common stock in the National City Bank of New York. Citi denies all remaining allegations set forth in paragraph 7 of Plaintiff's Amended Complaint.

8.  Citi denies the allegations set forth in paragraph 8 of the Amended Complaint.

9.  Citi is without knowledge as to the allegations set forth in paragraph 9 of the Amended Complaint and thus denies same.

10. Citi admits that it has not acknowledged the existence of the alleged Tomas Morales' shares and denies the remaining allegations set forth in paragraph 10 of the Amended Complaint.

11. Citi denies the allegations set forth in paragraph 11 of the Amended Complaint.

12. Citi admits that GUSTAVO A. MORALES obtained license no. CU-69273 from

CASE NO.: 07CV6286 (GBD)

the United States Department of the Treasury. The remaining allegations set forth in paragraph 12 of the Amended Complaint are legal conclusions and thus no admission or denial is required. If one is required, those allegations are denied.

 13. Citi denies the allegations set forth in paragraph 13 of the Amended Complaint.

 14. Citi denies the allegations set forth in paragraph 14 of the Amended Complaint.

 15. Citi admits that on September 26, 2007, a third-party administrator issued a communication on letterhead bearing the tradename "Citibank." Citi denies all remaining allegations set forth in paragraph 15 of the Amended Complaint.

 16. Citi denies the allegations set forth in paragraph 16 of the Amended Complaint.

 17. Citi denies the allegations set forth in paragraph 17 of the Amended Complaint.

 18. Citi denies the allegations set forth in paragraph 18 of the Amended Complaint.

 19. Citi denies the allegations set forth in paragraph 19 of the Amended Complaint.

 20. Citi denies the allegations set forth in paragraph 20 of the Amended Complaint.

 21. Citi denies the allegations set forth in paragraph 21 of the Amended Complaint.

 22. Citi denies the allegations set forth in paragraph 22 of the Amended Complaint.

 23. Citi denies the allegations set forth in paragraph 23 of the Amended Complaint.

 24. Citi denies the allegations set forth in paragraph 24 of the Amended Complaint.

 25. Citi denies the allegations set forth in paragraph 25 of the Amended Complaint.

 26. Citi denies the allegations set forth in paragraph 26 of the Amended Complaint.

 27. Citi denies the allegations set forth in paragraph 27 of the Amended Complaint.

 28. Citi denies the allegations set forth in paragraph 28 of the Amended Complaint.

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

29. Citi admits that GUSTAVO A. MORALES repeatedly requested information regarding the value of Jose Domingo Morales Morales' shares, accrued interest, and dividends. Citi denies all remaining allegations set forth in paragraph 29 of the Amended Complaint.

## DECLARATORY JUDGMENT

30. Citi reasserts the responses to the allegations of the Amended Complaint in paragraphs 1 through 29 above as though the same were fully set forth herein.

31. Citi denies the allegations set forth in paragraph 31 of the Amended Complaint.

32. Citi denies the allegations set forth in paragraph 32 of the Amended Complaint.

33. Citi denies the allegations set forth in paragraph 33 of the Amended Complaint.

34. Citi denies the allegations set forth in paragraph 34 of the Amended Complaint.

35. Citi denies the allegations set forth in paragraph 35 of the Amended Complaint.

## CONVERSION

36. Citi reasserts the responses to the allegations of the Amended Complaint in paragraphs 1 through 29 above as though the same were fully set forth herein.

37. Citi denies the allegations set forth in paragraph 37 of the Amended Complaint.

38. Citi denies the allegations set forth in paragraph 38 of the Amended Complaint.

39. Citi denies the allegations set forth in paragraph 39 of the Amended Complaint.

40. Citi admits the allegations set forth in paragraph 40 of the Amended Complaint.

41. Citi denies the allegations set forth in paragraph 41 of the Amended Complaint.

42. Citi denies the allegations set forth in paragraph 42 of the Amended Complaint.

## EQUITABLE ACCOUNTING

43. Citi reasserts the responses to the allegations of the Amended Complaint in paragraphs 1 through 29 above as though the same were fully set forth herein.

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

44. Citi admits that Plaintiff seeks an equitable accounting of Citi shares that were issued to Jose Domingo Morales Morales and shares that she claims were issued to Tomas Morales.

45. Citi denies the allegations set forth in paragraph 45 of the Amended Complaint.

46. Citi denies the allegations set forth in paragraph 46 of the Amended Complaint.

47. Citi denies the allegations set forth in paragraph 47 of the Amended Complaint.

48. Citi denies the allegations set forth in paragraph 48 of the Amended Complaint.

49. Citi denies the allegations set forth in paragraph 49 of the Amended Complaint.

50. Citi further denies each and every allegation in the Amended Complaint not specifically admitted.

51. Citi reserves its right to amend its response to the Amended Complaint as necessary.

## CITI'S DEFENSES AND AFFIRMATIVE DEFENSES

52. Plaintiff's claims, in whole or in part, fail to state a cause of action for which relief can be granted.

53. Plaintiff has sued an improper party. The actual successor to The National City Bank of New York, LLC is Citibank, N.A.

54. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations or by the doctrine of laches.

55. Plaintiff failed to satisfy certain conditions precedent in order to take possession of Jose Domingo Morales Morales' shares, including but not limited to, providing sufficient legal documentation to Citi, required by the applicable securities laws, rules, and regulations before a transfer of shares may take place.

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

CASE NO.: 07CV6286 (GBD)

56. Neither Jose Morales nor Tomas Morales obtained the appropriate license from the United States Treasury Department that would allow for the transfer of assets belonging to a Cuban national, assuming compliance with all other transfer requirements under the law.

57. Plaintiff's claims are barred in whole or in part, for failure to join necessary or indispensable parties.

58. Citi has not maintained possession of Jose Domingo Morales Morales' Citi shares as a result of fraud, intent to deprive Plaintiff of any property belonging to GUSTAVO A. MORALES, or any other inequitable conduct, and Citi at all times acted in good faith.

59. With respect to Plaintiff's claims of the existence of shares allegedly issued to Tomas Morales, Citi states that it responded to GUSTAVO A. MORALES' inquires and that Citi at all times acted in good faith and has not engaged in fraud or any other inequitable conduct with respect to the alleged shares belonging to Tomas Morales.

60. It is impossible for Citi to comply with Plaintiff's demands regarding the shares issued to Jose Domingo Morales Morales and allegedly issued to Tomas Morales.

61. Any damages or injury of which Plaintiff complains were caused by the actions of Plaintiff or by third parties over which Citi exercises no control.

62. Plaintiff failed to mitigate her damages, if any.

63. Citi hereby gives notice that it intends to rely upon such other and further defense as may become available or apparent during pretrial proceedings in this action and hereby reserves its rights to amend this Answer and assert all such defenses.

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

CASE NO.: 07CV6286 (GBD)

Respectfully submitted,

/s/ Edward M. Mullins
**ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.**
José I. Astigarraga, Edward M. Mullins & Jenelle E. La Chuisa
Fla. Bar Nos. 263508, 863920 & 0539988
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Tel:(305) 372-8282
Fax:(305) 372-8202
E-mail: emullins@astidavis.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 12, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: **Reinaldo J. Dorta, Jr., Esq.**, and **Omar Ortega, Esq.**, Dorta & Ortega, P.A., 2222 Ponce de Leon Blvd., Suite 306, Coral Gables, FL 33134.

/s/   Edward M. Mullins
Edward M. Mullins

F:\WDOX\CLIENTS\10016\5002\00074686.DOC